IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VION OPERATIONS, LLC, ET AL.     *
                                                  *
                                                  *
                v.                           *         Civil No. – JFM-13-1862
                                                  *
BRIAN WASSERMAN                 *
                                               ******

## **MEMORANDUM**

      Vion Operations, LLC and Forest Capital, LLC have brought this action against Brian Wasserman, who at the time of the matters alleged in the complaint was the Chief Financial Officer of ContinuityX, a company that is now in bankruptcy. Plaintiffs allege that Wasserman negligently made misrepresentations to them in connection with their entering into an Amended Master Factoring Agreement with ContinuityX. Wasserman has filed a motion to dismiss. The motion will be granted.[1]

      According to plaintiffs and Wasserman, plaintiff's losses stem from a fraud committed against them by ContinuityX and its Chief Executive Officer, David Godwin. ContinuityX and Godwin are both in bankruptcy and are not parties to the suit. Plaintiffs have however filed other actions against them. Wasserman admits that if he himself had committed any fraud against plaintiffs, he would be liable to them. He contends, however, that he was himself a victim of Godwin's fraud and that his own efforts led to the discovery of the fraud.

---

[1] Wasserman contends that plaintiffs have failed to state a plausible claim against him because plaintiffs have failed to allege facts showing that he was under any duty to them, that they reasonably relied upon any representations that he made and that he proximately caused their claimed losses. Because I find that plaintiffs have failed to allege any facts demonstrating that Wasserman owed them any duty, I need not address the other two contentions Wasserman has made.

1

To decide the present motion, I do not have to decide the merits of this contention. In order for Wasserman to be liable for negligent misrepresentation to plaintiffs, he must have owed a duty to them. He did not. There is substantial question whether ContinuityX itself owed any duty to plaintiffs in making the representations made on its behalf. Because plaintiffs are sophisticated business entities, their relationship to ContinuityX can be analogized to that of a bank and its customer, and plaintiffs were not "particularly vulnerable" borrowers. *See Jacques v. First Nat'l Bank*, 307 Md. 527, 540 (1986); *Lawyers Title Ins. Corp. v. Rex Title Corp.*, 282 F.3d 292, 294 (4th Cir. 2002). In any event, plaintiffs have cited no cases – and this court is aware of none - in which an executive of a lender has been held to have a duty to a borrower for representations made to the borrower. *Weisman v. Connors*, 312 Md. 428 (1988) and *Martens Chevrolet, Inc. v. Seney*, 292 Md. 328 (1982), which are heavily relied upon by plaintiffs, establish no such duty. In both those cases the misrepresentations were made by persons who were the principals of the entity with whom the plaintiff entered into a contract.

The "duty issue" under facts such as those alleged here is purely a legal question. It is therefore appropriate to resolve the issue by deciding a motion to dismiss rather than awaiting a motion for summary judgment.

A separate order effecting the ruling made in this memorandum is being entered herewith.


Date:   October 15, 2013          __/s/_____
                                             J. Frederick Motz
                                             United States District Judge